NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TSVETANA D. BOMBEVA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF THE AIR FORCE,**
*Intervenor*

---

2024-2214

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-22-0350-I-1.

---

Decided:  August 15, 2025

---

TSVETANA DIMITROVA BOMBEVA, Ramstein Air Base, Germany, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

LAURA OFFENBACHER ARADI, Commercial Litigation Branch, Civil Division, United States Department of Justice, for intervenor. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

———————————

Before HUGHES, LINN, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Tsvetana Bombeva appeals the Merit Systems Protection Board's final order, which denied Ms. Bombeva's petition for review and affirmed the Board's initial decision that dismissed her appeal for lack of jurisdiction. Because the Merit Systems Protection Board's decision was in accordance with the law and supported by substantial evidence, we affirm.

I

Ms. Bombeva was appointed to a position as an Intelligence Specialist (Linguist) by the Department of the Air Force in December 2020. S.A. 6, 99.[1] She was removed from this position in March 2022 based on her alleged failure to meet a condition of employment with respect to her security clearance. S.A. 6.

In April 2022, she appealed her removal to the Board. S.A. 6. In May 2022, the administrative judge issued an Acknowledgement Order notifying Ms. Bombeva that it might lack jurisdiction over her appeal and advising her to prove jurisdiction by the close-of-record date. S.A. 7. She timely filed a jurisdictional submission to which the agency responded. S.A. 7. The agency also filed a motion to dismiss her appeal. S.A. 7.

———————————

[1] "S.A." refers to the supplemental appendix (ECF No. 22) submitted by Intervenor.

In June 2022, the administrative judge issued an initial decision dismissing Ms. Bombeva's appeal for lack of jurisdiction. S.A. 15. The administrative judge noted that the Board's jurisdiction over appeals from adverse actions, including removals, arises from 5 U.S.C. ch. 75 subch. II. S.A. 9. Some employees within the intelligence component of the Department of Defense or an intelligence activity of a military department covered under subchapter I of chapter 83 of title 10 are in the excepted service and are not preference eligible. S.A. 10–11; *see* 5 U.S.C. § 7511(b)(8). These individuals are excluded from the class of individuals who can appeal adverse actions to the Board. S.A. 10 (citing 5 U.S.C. §§ 7511(b)(8), 7511(b)(10), 7512, 7513(d); 5 C.F.R. §§ 752.401(d)(9), 752.405(a)). The administrative judge determined that Ms. Bombeva's position as an Intelligence Specialist within the agency—a military department—meant that she "served in a full-time, permanent position in the excepted service." S.A. 11. The administrative judge also found that the record did not support that she was preference-eligible. S.A. 12. The administrative judge concluded that, therefore, "she had no right to appeal her termination to the Board . . . and the Board lacks jurisdiction on that basis." *Id.*

Ms. Bombeva filed a petition for review with the full Board, which was denied. S.A. 25–26. The Board concluded there was no error with the administrative judge's analysis of jurisdictional issues nor the ultimate conclusion that the Board lacks jurisdiction. S.A. 26. Ms. Bombeva timely appealed.

## II

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Perlick v. Dep't of Veterans Affs.,*

104 F.4th 1326, 1329 (Fed. Cir. 2024). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

## III

Ms. Bombeva contends that the Board erred in several respects. We address each alleged error in turn.

Ms. Bombeva primarily argues that she never held the position of intelligence specialist because, while she was hired into that position, on her first day she was detailed to the National Security Agency to serve as an "Alaska Learning Center . . . admin and tutor." Petitioner's Informal Br. 5. Ms. Bombeva contends that the Board ignored pertinent evidence and relied only on "fraudulent" paperwork. First, under § 7511(b)(8), it is immaterial what Ms. Bombeva's actual job duties were, because the text of the statute only contemplates the nature of the position held, not the job duties actually executed by the employee in that position. Second, substantial evidence supports the Board's conclusion that Ms. Bombeva's position was "intelligence specialist," not "tutor." *See* S.A. 11 (citing the evidence the administrative judge relied on that showed Ms. Bombeva held the position of intelligence specialist). Ms. Bombeva contends that her Standard Form 50 (SF-50) was fraudulent and therefore should not be relied on. But Ms. Bombeva's issue with the document was that it did not reflect that she had converted to competitive service in 2015—not that her position had been erroneously listed. *See* S.A. 65. In any case, the administrative judge cited to a number of documents in concluding that it was "undisputed" that Ms. Bombeva held the position of intelligence specialist. S.A. 11; *see also* S.A. 35, 38, 67. Because Ms. Bombeva was employed as an intelligence specialist in the Defense Civilian Intelligence Personnel System, S.A. 66, and because she does not contend that she was a preference-eligible veteran, S.A. 33, we conclude that the Board

did not err in determining that Ms. Bombeva lacked appeal rights under § 7511(b)(8).

Second, Ms. Bombeva contends that 10 U.S.C. § 1601, which authorizes the Secretary of Defense to establish defense intelligence positions in the excepted service, does not apply to her former position as an intelligence specialist because it applies only to Senior Level positions. Petitioner's Informal Br. 23. Section 1601 states that the Secretary of Defense may

> establish, as positions in the excepted service, such defense intelligence positions in the Department of Defense as the Secretary determines necessary to carry out the intelligence functions of the Department, *including* . . . Intelligence Senior Level positions.

(emphasis added). "[T]he term 'including' is not [an] all-embracing definition, but connotes simply an illustrative application of the general principle." *Fed. Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941). "Including" is a non-exclusive term, and we do not read the term "including" to limit the statute to *only* Intelligence Senior Level positions. We conclude that Ms. Bombeva's position as an intelligence officer within the Air Force, which is a department within the Department of Defense, 10 U.S.C. § 111(8), falls within the ambit of § 1601.

Third, Ms. Bombeva argues that the administrative judge "ignor[ed] and mischaracteriz[ed] the record" in finding that Ms. Bombeva did not make a nonfrivolous allegation of current continuous service that would render her an employee under § 7511(a)(1)(C)(ii). Petitioner's Informal Br. 16. We need not consider this issue, because the conclusion that Ms. Bombeva was not an employee with Board appeal rights due to her position as an intelligence specialist is dispositive of the issue of Board jurisdiction. Even if she non-frivolously alleged current continuous service based upon prior positions she held, it would not change

the outcome, which the administrative judge acknowledged. *See* S.A. 13 ("[E]ven assuming . . . her former position were vested with appeal rights . . . she forsook them when she moved into an excepted service intelligence position.").

Finally, Ms. Bombeva contends that the Board failed to consider the merits of the agency's removal action, including that the agency violated its regulations, that the condition she failed to meet was not a bona fide condition, and that her job did not require a security clearance. Petitioner's Informal Br. 7–11, 15, 21–23, 28–29. Unless there is an appealable adverse action over which the Board has jurisdiction, the Board may not render a decision on alleged agency wrongdoing. *See Garcia v. Dept. of Homeland Sec.,* 437 F.3d 1322, 1342–43 (Fed. Cir. 2006) (articulating that the Board does not have jurisdiction over "naked" claims unaccompanied by an appealable action over which the Board does have jurisdiction). Because Ms. Bombeva does not have Board appeal rights, the Board properly concluded that it did not have jurisdiction to address her allegations of agency wrongdoing.

## IV

We have considered Ms. Bombeva's remaining arguments and find them unpersuasive. Because we do not find reversible error in the Board's decision, and because that decision is supported by substantial evidence, we affirm the Board's decision.

**AFFIRMED**

COSTS

No costs.